# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

PROGRESSIVE NORTHERN            )
INSURANCE COMPANY,              )
                                )
       Plaintiff,                )
                                )
-vs-                            )    Case No. CIV-20-0185-F
                                )
FIELD SERVICE MASTERS, LLC,     )
et al.,                         )
                                )
       Defendants.               )

## ORDER

The court has a duty to inquire into its own jurisdiction. <u>Tuck v. United Services Automobile Association</u>, 859 F.2d 842 (10th Cir. 1998). Upon review of the complaint, it is apparent the court's subject matter jurisdiction is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. The complaint, however, is insufficient to establish diversity because it fails to adequately allege facts regarding the citizenship of certain parties.

1. The complaint alleges that defendant Field Service Masters, LLC, as well as defendant Xpress Preservation, LLC, d/b/a Xpress Asset Services, are limited liability companies. Doc. no. 1, ¶ ¶ 4, 5. The citizenship of a limited liability company is determined by the citizenship of its members. <u>Siloam Springs Hotel, L.L.C. v. Century Surety Co.</u>, 781 F.3d 1233, 1234 (10th Cir. 2015). Accordingly, plaintiff, as the party invoking the court's jurisdiction, is required to identify each of

the members of the limited liability company, and each member's respective state(s) of citizenship, down through all levels of membership.[1]

2. The complaint alleges that defendant "True Sky Credit Union is a domestic credit union organized and existing under the laws of Oklahoma with its principal place of business in Oklahoma."  Doc. no. 1, ¶ 9.  This is insufficient for a few reasons.

First, the complaint must allege information to make clear whether True Sky Credit Union is a corporation or an unincorporated association.  If the latter is alleged, then this defendant's citizenship would presumably[2] be that of the citizenship of each of its members.  In that event, each of the members are required to be identified in the complaint, along with their specific states of citizenship, down through all levels.

Second, if True Sky Credit is a corporation, the complaint must make clear whether it is a state-chartered corporation or a federally-chartered corporation. Because the complaint alleges that True Sky Credit is "organized…under the laws of Oklahoma," it suggests this defendant is a state-chartered corporation.  If so, the state of True Sky Credit's incorporation, along with the state in which it has its principal place of business, should be alleged.  On the other hand, if True Sky Credit is alleged to be a federally-chartered corporation, the general rule is that its presence in this action destroys diversity, although there may be exceptions.  If an exception is relied on by the plaintiff, the complaint must allege additional information

---

[1]For example, if a member is an individual, then jurisdictional information is required regarding the individual's specific state of citizenship (as opposed to the individual's residency, which is not the same).  If a member is an entity, then the nature of the jurisdictional information required depends upon the type of entity. *See generally*, 15 James WM. Moore, Moore's Federal Practice § 102.50-102.57 (3d ed. 2013).

[2] The court makes no findings in this regard.  If plaintiff takes a different view of how the citizenship of an unincorporated credit union should be determined, plaintiff is free to so allege, with citations.

identifying the argued-for exception and facts to support it. *See generally*, <u>CU Capital Market Solutions, LLC v. Olden Lane Securities, LLC</u>, 2019 WL 2612940, **5-6 (June 26, 2019 D. Kan.) (addressing impact of two federally-chartered credit unions on diversity; noting exceptions; indicating Tenth Circuit has not ruled on the "localization" exception).

      3. Finally, specific states of citizenship be alleged. (The current version of the complaint meets this requirement. Nevertheless, as this order requires additional allegations, the court reminds plaintiff of this pleading obligation in hopes of avoiding further orders on this subject.) For example, when identifying states of citizenship, it is not sufficient to allege merely that a party or a member of an unincorporated association is a citizen of a state "other than" Wisconsin or Ohio (the states in which plaintiff alleges it is a citizen.) *See*, <u>Simmons v. Rosenberg</u>, 572 F. Supp. 823, 825 (E.D.N.Y. 1983) (merely averring that a party is a citizen of a state other than the State of New York is "clearly insufficient to establish diversity jurisdiction").

      Plaintiff, as the party invoking this court's jurisdiction, is **DIRECTED** to file, within fourteen days of the date of this order, a First Amended Complaint which provides all missing jurisdictional information. Allegations may be alleged on information and belief. Absent compliance, this action may be dismissed without prejudice or other measures may be taken.

      IT IS SO ORDERED this 5th day of March, 2020.

 

 

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0185p001.docx