IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PROGRESSIVE NORTHERN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. CIV-20-0185-F |
| FIELD SERVICE MASTERS, LLC; XPRESS PRESERVATION, LLC d/b/a XPRESS ASSET SERVICES; JARED GATHRIGHT; MARK LEROY HAMBY; THE FIRST STATE BANK; and TRUE SKY CREDIT UNION, | ) ) ) ) ) ) ) ) | |
| Defendants. | | |

**ORDER**

By the First Amended Complaint in this action (doc. no. 12), the plaintiff, Progressive Northern Insurance Company, places in issue some matters relating to coverage for a theft claim under an insurance policy issued by plaintiff.  One of the defendants, The First State Bank, has asserted a cross-claim against another of the defendants, Jared Gathright.  Doc. no. 34.  Based on Gathright's default, the bank has moved for a money judgment on its cross-claim, seeking default judgment against Gathright in the amount of approximately $6,000.  Doc. no. 44.  The bank, however, has never asserted any jurisdictional basis for the cross-claim.  Doc. no. 34, at 2-4.  Nor is there any allegation of diverse citizenship between the bank and Gathright.[1]  The bank's motion for default judgment seeks only a money judgment.  By that motion, the bank does not seek any adjudication against Gathright that would (i) implicate the coverage issue tendered by the First Amended Complaint, or (ii)

---

[1] The First Amended Complaint alleges that both are citizens of Oklahoma.  Doc. no. 12, ¶¶ 6, 8.

determine contract rights other than the bank's contract rights under a promissory note, or (iii) determine rights with respect to any real or personal property. Finally, the legal nexus between plaintiff's declaratory judgment claim (which generally relates to the existence or nonexistence of insurance coverage under the policy described in the First Amended Complaint) and FSB's cross-claim is not clear-cut.

While nothing stated in this order excludes the possibility that the court has supplemental jurisdiction over the cross-claim under 28 U.S.C. § 1367, the considerations listed above make it necessary for the bank to set out its position regarding the source of the court's jurisdiction over the cross-claim.

The First State Bank is therefore **DIRECTED** to file, not later than August 7, 2020, a supplement to its motion for default judgment stating with specificity the factual and legal basis upon which the bank would assert that the court has jurisdiction to grant the relief sought by the motion for default judgment.

IT IS SO ORDERED this 23rd day of July, 2020.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0185p008.docx